IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, an individual, )<br>                              )<br>            Plaintiff,         )<br>                              )<br>      vs.                     )<br>                              )<br>ASSOCIATION OF CONDOMINIUM    )<br>OWNERS OF TROPICS AT WAIKELE, )<br>by its Board of Directors, THE )<br>HONORABLE CIRCUIT JUDGE KAREN )<br>N. BLONDIN, COMMISSIONER JAMES )<br>S. KOMETANI,                  )<br>                              )<br>            Defendants.       )<br>_____ ) | CIVIL NO. 08-00502 HG KSC |

### ORDER GRANTING DEFENDANT JUDGE KAREN N. BLONDIN'S MOTION TO DISMISS

Judge Karen N. Blondin moves for dismissal of the Complaint as to all claims asserted against her. Judge Blondin alleges absolute judicial immunity bars the claims. She also alleges the Complaint fails to state a claim upon which relief can be granted.

For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

### PROCEDURAL HISTORY

On November 5, 2008, Plaintiff Patsy N. Sakuma ("Sakuma") filed the Complaint. (Doc. 1.)

On December 2, 2008, the Defendant Judge Karen N. Blondin

1

("Judge Blondin") filed a Motion To Dismiss.  (Doc. 11.)

On December 3, 2008, the Court issued an Order, pursuant to Local Rule 7.2(d), indicating the Motion To Dismiss would be decided without a hearing.  (Doc. 12.)

On December 18, 2008, Sakuma filed an Opposition.  (Doc. 13.)

## BACKGROUND

Plaintiff Patsy N. Sakuma ("Sakuma") is the owner of a condominium located in the Tropics at Waikele.  Sakuma alleges she rents the condominium to her family, which includes her disabled mother.  (Complaint at ¶¶ 1 and 2, Doc. 1.)

In a prior case, the Association Of Condominium Owners Of Tropics At Waikele ("AOCO Tropics") brought a foreclosure action against Sakuma in the District Court of the First Circuit, Ewa Division, Civil No. 1RC01-5514, when she failed to pay her condominium maintenance fees.  Sakuma removed the first foreclosure action to the United States District Court for the District of Hawaii, as Civil No. 02-00147.  The first foreclosure action was then dismissed on October 1, 2002, by stipulation of the parties after execution of a settlement agreement. (Complaint at ¶ 5, Doc. 1; Order of dismissal, Doc. 10 in Civ. No. 02-00147.)

The case before the Court here, filed by Sakuma, stems from a second foreclosure action filed in the Circuit Court of the

First Circuit, State of Hawaii, by AOCO Tropics in which judgment was entered against Sakuma.  (Complaint at ¶¶ 9 and 10 on pg. 4, Doc. 1.)

Sakuma's Complaint alleges the AOCO Tropics filed the underlying state foreclosure action when Sakuma stopped paying the monthly maintenance fees for her condominium.  (Id. at ¶¶ 6, 7, and 9.)  According to the Complaint Sakuma stopped the payments of fees a second time in response to the public HandiVan's refusal to enter the condominium's private driveway to pick up Sakuma's mother.  The allegation is that the HandiVan had refused to pick up Sakuma's mother because there was a lack of HandiVan parking and because there were complaints from neighbors.  (Id. at ¶¶ 6 and 7.)

Sakuma's Complaint asserts that the second foreclosure action by AOCO Tropics is barred by the previous settlement agreement entered into by AOCO Tropics and Sakuma in the federal case Civ. No. 02-00147 HG LEK, 2002.  (Id. at ¶ 11 on pg. 6.)

The foreclosure order in the underlying state case was issued by Judge Blondin as Judge of the Circuit Court of the First Circuit, State of Hawaii.  (Id. at ¶ 10 on pg. 4.)  The claims set out against Judge Blondin in the Complaint here allege the state court lacked subject matter jurisdiction over the foreclosure, and lacked personal jurisdiction over Patsy N. Sakuma.  (Id. at ¶¶ 10 on pg. 4, and 11 and 13 on pgs. 6-7.)

**STANDARD OF REVIEW**

The Court may dismiss a complaint as a matter of law pursuant to Fed.R.Civ.P., Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule 8(a)(2) of the Fed.R.Civ.P. requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007) (internal citation and quotation marks omitted).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

When assessing the legal sufficiency of a plaintiff's claims, the Court must presume all factual allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120-21 (9th Cir. 2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (the complaint must be liberally construed, giving the plaintiff the benefit of all proper inferences).

Conclusory allegations of law and unwarranted inferences, though, are insufficient to defeat a motion to dismiss.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998); In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993)

(conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981) (the Court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations"). Additionally, the Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Although the Federal Rules adopt a flexible pleading policy, to survive a Rule 12(b)(6) motion to dismiss the factual allegations must be sufficient to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). While detailed factual allegations are not needed, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, or "a formulaic recitation of the elements of a cause of action." Id. at 1964. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699

(9th Cir. 1990).

A motion to dismiss under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as the absolute immunity of a defendant, claim preclusion, or the statute of limitations.  2 Moore's Federal Practice § 12.34[4][b] at 12-99 (Matthew Bender 3d ed.) (citing Kansa Reins. Co. v. Congressional Mortgage Corp., 20 F.3d 1362, 1366 (5th Cir. 1994) (dismissal under Rule 12(b)(6) may be appropriate when successful affirmative defense appears on face of pleadings)).  See also Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (dismissal under Rule 12(b)(6) appropriate where state prosecuting attorney who acted within scope of his duties in initiating and pursuing criminal prosecution and in presenting state's case was absolutely immune from civil suit for damages under Civil Rights Act of 1871 for alleged deprivations of accused's constitutional rights); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999) (statute of limitations).

## ANALYSIS

**ABSOLUTE JUDICIAL IMMUNITY OF DEFENDANT JUDGE BLONDIN**

It is well established that judges are absolutely immune from liability for acts done by them in the exercise of their judicial functions.  Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008); Mullis v. Bankr. Ct. for the Dist. of Nevada, 828

F.2d 1385, 1388 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988) (judges are absolutely immune from civil liability for damages for their judicial acts.). The doctrine of absolute judicial immunity is based on the policy that "judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554 (1967) (applying judicial immunity to § 1983 action). As the United States Supreme Court explained in the case of Forester v. White:

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous, but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control and would manifestly detract them from independent and impartial adjudication.

Forester v. White, 484 U.S. 219, 226-27 (1988).

Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11 (1991). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Id. Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (superceded by statute on other grounds). "Grave procedural errors or acts in

excess of judicial authority do not deprive a judge of this immunity." Id. (quoting Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988), cert. denied, 488 U.S. 995 (1988)). Even if the judges acted incorrectly, with improper motive, or as part of a conspiracy, they are immune from suit for acts performed pursuant to their official functions. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355, 356-57 (1978) (citation omitted); Pierson, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly").

Two limitations on the doctrine of judicial immunity exist.

First, Judges are absolutely immune from civil liability for actions taken in their official capacities, unless committed in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11-12; Stump, 435 U.S. at 360; Pierson, 386 U.S. at 554.

Here, Judge Blondin is sued for actions performed as a judge of the Circuit Court of the First Circuit, State of Hawaii. Sakuma's allegations relate to Defendant's issuance of an order approving the auction of her condominium by a commissioner. As a state circuit court judge, Judge Blondin has jurisdiction over state court foreclosure actions brought pursuant to Chapter 667

8

of the Hawaii Revised Statutes.  Defendant did not act in the clear absence of all jurisdiction.

Second, only judicial acts are protected by absolute judicial immunity.  <u>Mireles</u>, 502 U.S. at 12.  The United States Supreme Court in <u>Stump</u> explained that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  <u>Stump</u>, 435 U.S. at 362; <u>see also</u> <u>Forrester</u>, 484 U.S. at 227-229.  Sakuma complains of judicial acts.  Judge Blondin's issuance of a foreclosure order against Sakuma is a judicial act protected by judicial immunity.

Judge Blondin is entitled to absolute judicial immunity against suit.  All claims against Judge Blondin are barred by the doctrine of absolute judicial immunity and are DISMISSED.

//
//
//
//
//
//
//

9

**CONCLUSION**

For the foregoing reasons, Judge Blondin's Motion To Dismiss, (Doc. 11), is GRANTED.

IT IS SO ORDERED.

DATED: January 13, 2009, Honolulu, Hawaii.



          **/s/ Helen Gillmor**
Chief United States District Judge

___

PATSY N. SAKUMA vs. ASSOCIATION OF CONDOMINIUM OWNERS OF TROPICS AT WAIKELE, by its Board of Directors, THE HONORABLE CIRCUIT JUDGE KAREN N. BLONDIN, COMMISSIONER JAMES S. KOMETANI, Civ. No. 08-00502 HG KSC; ORDER GRANTING DEFENDANT JUDGE KAREN N. BLONDIN'S MOTION TO DISMISS