IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| PATSY N. SAKUMA, | ) ) ) ) | CIVIL NO. 08-00502 HG-KSC |
| Plaintiff, | ) ) ) |  |
| vs. | ) ) |  |
| ASSOCIATION OF CONDOMINIUM OWNERS OF TROPICS AT WAIKELE, COMMISSIONER JAMES S. KOMETANI; | ) ) ) ) |  |
| Defendants. | ) ) |  |

**ORDER DENYING PLAINTIFF'S MOTION
TO VACATE THE COURT'S SEPTEMBER 16, 2010 ORDER OF DISMISSAL**

Plaintiff Patsy N. Sakuma filed the above captioned action to enjoin a judicial foreclosure of her condominium. After several rulings by this Court denying the relief sought in the Plaintiff's Complaint, the matter was dismissed on September 16, 2009. On appeal, the Ninth Circuit Court of Appeals affirmed the dismissal of the Complaint. The Plaintiff now moves to vacate the District Court's September 16, 2009 Order pursuant to Federal Rules of Civil Procedure 60(b)(5) and (b)(6) because the property in dispute has not yet been sold at auction.

Plaintiff's Motion to Vacate[1] fails to articulate how a change in the law or facts of the case warrant modification of the Court's September 16, 2009 Order of Dismissal.  The Plaintiff's Motion to Vacate is, therefore, **DENIED**.

**PROCEDURAL HISTORY**

On November 5, 2008, Plaintiff Patsy N. Sakuma ("Plaintiff" or "Sakuma") began filing largely undecipherable pleadings.  The pleading was first labeled Complaint and a Motion for a Temporary Restraining Order. (Doc. 1.)

On January 13, 2009, the District Court ordered the dismissal with prejudice of Defendant Judge Karen N. Blondin pursuant to absolute judicial immunity. (Order Granting Defendant Judge Karen N. Blondin's Motion to Dismiss, filed December 2, 2008 (Doc. 15).)[2]

On June 3, 2009, the Court denied the Plaintiff's Ex Parte Temporary Restraining Order Application.  (Minutes, June 3, 2009

---

[1]The Plaintiff's Motion, titled "NOTICE OF MOTION TO PLAINTIFF-PRO SE'S MOTION TO VACATE SEPTEMBER 16, 2010 ORDER DENYING PLAINTIFF'S AM. MOTION SUMMARY JUDGMENT; ORDER DISMISSING CASE FOR LACK OF JURISDICTION & SEPTEMBER 16, 2010 JUDGMENT" (Doc. 105), was filed on November 18, 2011.  Plaintiff's Motion will be referred to as a "Motion to Vacate" throughout the Order.

[2]Plaintiff thereafter filed a Motion for Reconsideration which was denied by Court Order on March 30, 2009. (Order Denying Plaintiff Patsy N. Sakuma's Motion for Reconsideration (Doc. 23).)  Plaintiff thereafter filed an interlocutory appeal to the Ninth Circuit Court of Appeals which was denied as moot on October 22, 2009. (Ninth Circuit Court of Appeals' Order, October 22, 2009 (Doc. 93).)

(Doc. 33).) The Court held that Plaintiff would not suffer irreparable injury if the relief requested was denied, and that Plaintiff had not shown that there was a likelihood of success on the merits of the motion. (Id.)

On June 9, 2009, the Court issued an Order denying Plaintiff's November 5, 2008, and November 6, 2008, Motions for Temporary Restraining Orders. (Doc. 39.) The Court held that Plaintiff had not set forth the necessary requirements for a Temporary Restraining Order in either motion, and that Plaintiff's pleadings were largely indecipherable. (Id.)

On June 17, 2006, Plaintiff filed a Motion for Summary Judgment but did not include a concise statement of facts. (Doc. 45.)

On June 22, 2009, Plaintiff filed an Amended Motion for Summary Judgment, along with an Amended Concise Statement of Facts. (Docs. 51 and 55).

On September 16, 2009, the Court issued an Order denying Plaintiff's Amended Motion for Summary Judgment and dismissed the case (Doc. 85) ("September 16, 2009 Order of Dismissal".

On September 28, 2009, Plaintiff filed a Motion for Reconsideration of the Court's September 16, 2009 Order of Dismissal (Doc. 89).

On October 6, 2009, Plaintiff's Motion for Reconsideration was denied (Order Denying Plaintiff's Motion for Reconsideration

(Doc. 91).)

On October 30, 2009, the Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals regarding the Court's September 16, 2009 Order of Dismissal (Doc. 94).

On October 5, 2010, the Ninth Circuit Court of Appeals affirmed the Court's September 16, 2009 Order of Dismissal (Doc. 102). The Ninth Circuit Court of Appeals issued a Mandate on March 21, 2011 (Doc. 104).

The motion before the Court here, filed on November 18, 2011, is a Motion to Vacate the September 16, 2009 Order of Dismissal (Doc. 105).

On January 3, 2012, the Defendant filed an Opposition to Plaintiff's Motion to Vacate (Doc. 108).

On January 13, 2012, the Plaintiff filed a Reply to the Defendant's Opposition to Plaintiff's Motion to Vacate (Doc. 109).

Pursuant to Local Rule 7.2(d), the Court elected to decide Plaintiff's Motion to Vacate without a hearing.

## BACKGROUND

Plaintiff Patsy N. Sakuma was the owner of a condominium located in the Tropics at Waikele ("Condominium"). The Plaintiff allegedly rented the condominium to her family, which included her disabled mother. (Complaint at PP 1 and 2, Doc. 1.)

In a prior case, the Association Of Condominium Owners Of Tropics At Waikele ("AOCO Tropics") brought a foreclosure action against the Plaintiff in the Hawaii State District Court of the First Circuit, Ewa Division, Civil No. 1RC01-5514, when she failed to pay her condominium maintenance fees.  The Plaintiff removed the first foreclosure action to the United States District Court for the District of Hawaii, as Civil No. 02-00147.  The first foreclosure action was then dismissed on October 1, 2002, by stipulation of the parties after execution of a settlement agreement. (Complaint at P 5, Doc. 1; Order of dismissal, Doc. 10 in Civ. No. 02-00147.)

This matter arises out of a second foreclosure action filed in the Circuit Court of the First Circuit, State of Hawaii, by AOCO Tropics.  (Complaint at PP 9 and 10 on pg. 4, Doc. 1.)  The AOCO Tropics filed the underlying state foreclosure action when the Plaintiff stopped paying the monthly maintenance fees for her condominium.  (Id. at PP 6, 7, and 9.)  According to the Complaint, the Plaintiff stopped the payments of fees a second time in response to the public HandiVan's refusal to enter the condominium's private driveway to pick up Plaintiff's mother.  The allegation is that the HandiVan had refused to pick up the Plaintiff's disabled mother because there was a lack of HandiVan parking and because there were complaints from neighbors.  (Id. at PP 6 and 7.)  In the state proceeding, judgment was entered

against the Defendant and the condominium was ordered to be sold at auction. (Id.)

The Plaintiff filed this action in 2008 seeking to enjoin the sale of the condominium. The Plaintiff's applications for a Temporary Restraining Order were denied on June 3, 2009 and June 9, 2009. On September 12, 2009, the action was dismissed ("September 16, 2009 Order of Dismissal") because the only relief sought by the Complaint was a temporary restraining order. In addition, the action was dismissed because the Condominium had already been sold, thereby rendering the Plaintiff's Complaint moot.

The Plaintiff appealed the Court's September 16, 2009 Order of Dismissal to the Ninth Circuit Court of Appeals. The Ninth Circuit Court of Appeals affirmed.

The Plaintiff now moves to vacate the September 16, 2009 Order of Dismissal pursuant to Federal Rule of Civil Procedure 60(b)(5) and (b)(6). The Plaintiff claims that the sale of the Condominium at auction was rescinded by a state court order on September 10, 2010. The Plaintiff argues that the Court's September 16, 2009 Order of Dismissal should be vacated because the Condominium was never sold.

## **ANALYSIS**

Federal Rule of Civil Procedure 60(b) states that "[o]n

motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment" when "(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason that justifies relief." Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992) provides for "a general, flexible standard for all petitions brought under the equity provision of Rule 60(b)(5)." Bellevue Manor Assoc. v. United States, 165 F.3d 1249, 1255 (9th Cir. 1999). A Rule 60(b) motion to modify a court order should be granted when there has been "a significant change either in factual conditions or in law." Rufo, 502 U.S. at 384; see Horne v. Flores, 129 S. Ct. 2579, 2597 (2009).

Here, there has not been a significant change in the factual conditions or law that gave rise to this Court's September 16, 2009 Order of Dismissal. This Court's September 16, 2009 Order of Dismissal outlined two independent reasons for dismissing the Plaintiff's Complaint. The first reason focused on the merits of the Plaintiff's Complaint. This Court dismissed the Plaintiff's Complaint because the relief sought by the Complaint, *i.e.*, a temporary restraining order to enjoin the sale of the Condominium, had already been denied by this Court on two

separate occasions.  The second reason for the dismissal pertained to jurisdiction.  This Court held that because the Condominium had been sold, the Plaintiff's Complaint was rendered moot.

Now that the Condominium sale has been rescinded, the second reason for dismissal is, arguably, no longer applicable.  The first reason, however, still applies in full.

In the Plaintiff's largely indecipherable Reply brief, the Plaintiff appears to argue, yet again, that the Court should grant a new temporary restraining order.  These arguments are simply recycled from previous motions and lack merit.

The Court has considered and ruled on the merits of the Plaintiff's Complaint on multiple occasions.  The Plaintiff's Motion to Vacate offers nothing that would cause the Court to reverse the Court's September 16, 2009 Order of Dismissal.  The Plaintiff's Motion to Vacate is **DENIED**.

## CONCLUSION

Plaintiff's "NOTICE OF MOTION TO PLAINTIFF-PRO SE'S MOTION TO VACATE SEPTEMBER 16, 2010 ORDER DENYING PLAINTIFF'S AM. MOTION SUMMARY JUDGMENT; ORDER DISMISSING CASE FOR LACK OF JURISDICTION & SEPTEMBER 16, 2010 JUDGMENT" (Doc. 105), filed on November 18, 2011 is **DENIED**.

The case is **CLOSED**.

IT IS SO ORDERED.

Dated: January 31, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

PATSY N. SAKUMA v. ASSOCIATION OF CONDOMINIUM HOME OWNERS OF THE TROPICS AT WAIKELE, et al.; Civ. No. 08-00502 HG-KSC; **ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE COURT'S SEPTEMBER 16, 2010 ORDER OF DISMISSAL**